# EXHIBIT A

IN THE COURT OF COMMON PLEAS OF MONTGOMERY COUNTY, PENNSYLVANIA

CONSTANCE SKUDRIS

vs.

JEFFERSON HEALTH

NO. 2025-25193

## NOTICE TO DEFEND – CIVIL

You have been sued in court. If you wish to defend against the claims set forth in the following pages, you must take action within twenty (20) days after this complaint and notice are served, by entering a written appearance personally or by attorney and filing in writing with the court your defenses or objections to the claims set forth against you. You are warned that if you fail to do so the case may proceed without you and a judgment may be entered against you by the court without further notice for any money claimed in the complaint or for any other claim or relief requested by the plaintiff. You may lose money or property or other rights important to you.

YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE. IF YOU DO NOT HAVE A LAWYER, GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW. THIS OFFICE CAN PROVIDE YOU WITH INFORMATION ABOUT HIRING A LAWYER.

IF YOU CANNOT AFFORD TO HIRE A LAWYER, THIS OFFICE MAY BE ABLE TO PROVIDE YOU WITH INFORMATION ABOUT AGENCIES THAT MAY OFFER LEGAL SERVICES TO ELIGIBLE PERSONS AT A REDUCED FEE OR NO FEE.

LAWYER REFERENCE SERVICE
MONTGOMERY BAR ASSOCIATION
100 West Airy Street (REAR)
NORRISTOWN, PA

19404-0268 (610) 279-9660, EXTENSION 201

PRIF0034
R 10/11

IN THE COURT OF COMMON PLEAS OF MONTGOMERY COUNTY, PENNSYLVANIA

CONSTANCE SKUDRIS

vs.

JEFFERSON HEALTH

NO. 2025-25193

## CIVIL COVER SHEET

State Rule 205.5 requires this form be attached to any document <u>commencing an action</u> in the Montgomery County Court of Common Pleas. The information provided herein is used solely as an aid in tracking cases in the court system. This form does not supplement or replace the filing and service of pleadings or other papers as required by law or rules of court.

Name of Plaintiff/Appellant's Attorney: GREGG L ZEFF, ESQ., ID: 52648

Self-Represented (Pro Se) Litigant ☐

**Class Action Suit**   ☐ Yes   ☒ No

**MDJ Appeal**   ☐ Yes   ☒ No        **Money Damages Requested** ☒

**Commencement of Action:**        **Amount in Controversy:**

Complaint        More than $50,000

## Case Type and Code

Miscellaneous: _____

Other: _____

Other:   EMPLOYMENT

Case# 2025-25193-0 Docketed at Montgomery County Prothonotary on 10/13/2025 4:24 PM, Fee = $303.50. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

Case# 2025-25193-0 Docketed at Montgomery County Prothonotary on 10/13/2025 4:24 PM, Fee = $303.50. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

ZEFF LAW FIRM, LLC
Gregg L. Zeff, Esquire #52648
Eva C. Zelson, Esquire #320699
100 Century Parkway, Suite 160
Mount Laurel, NJ 08054
(856)778-9700 (T)
(856)702-6640 (F)
gzeff@glzefflaw.com

*Attorneys for Plaintiff*

### IN THE COURT OF COMMON PLEAS
### MONTGOMERY COUNTY, PENNSYLVANIA

| | |
|---|---|
| CONSTANCE SKUDRIS<br>222 Harrison Avenue<br>Glenside, PA 19038<br><br>*Plaintiff,*<br><br>v.<br><br>JEFFERSON HEALTH<br>111 S. 11th Street<br>Philadelphia, PA 19107<br><br>*Defendant.* | NO.:<br><br>COMPLAINT AND JURY DEMAND |

### CIVIL ACTION

Plaintiff, Constance Skudris, by and through her attorneys, brings this civil matter against Defendant Sterling Healthcare alleging she was subjected to unlawful violations of Title VII of the Civil Rights Act of 1964 ("Title VII") and avers and alleges as follows:

### THE PARTIES

1. Plaintiff Constance Skudris (hereinafter "Plaintiff") is a 68-year-old woman and citizen of Montgomery County, Pennsylvania.

2. Defendant Jefferson Health (hereinafter "Defendant") is a healthcare and hospital facility located at the above-captioned address.

1

3. At all times relevant hereto, Defendant acted by and through its agents, servants, and employees, each of whom acted within the scope of his or her jobs responsibilities.

## JURSIDICTION AND VENUE

4. The foregoing paragraphs are incorporated by reference herein as if the same were set forth at length.
5. Jurisdiction is properly laid in this Court as Defendant are subject to personal jurisdiction in the state of Pennsylvania.
6. Moreover, Plaintiff's cause of action arises out of Defendant's acts and/or omissions, which occurred mainly in Montgomery County, Pennsylvania.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

7. The foregoing paragraphs are incorporated by reference herein as if the same were set forth at length.
8. Plaintiff exhausted her administrative remedies under Title VII and the PHRA. Butterbaugh v. Chertoff, 479 F. Supp. 2d 485 (W.D. Pa. 2007).
9. On or around May of 2025, Plaintiff filed a timely written Charge of Discrimination (the "Charge") against Defendant with the Pennsylvania Human Relations Commission ("PHRC").
10. The charge was duly filed with the Equal Employment Opportunity Commission ("EEOC") alleging retaliation as well as race discrimination.
11. Plaintiff received a Notice of Right to Sue relative to the Charge, by mail, on or around September 8, 2025.
12. Plaintiff initiated this action within ninety (90) days of her receipt of the Notice of Right to Sue letter relative the Charge.

## FACTUAL SUMMARY

13. The allegations contained in the foregoing paragraphs of this Complaint are incorporated by reference herein as if the same were set forth at length.

2

14. Plaintiff is a 68-year-old woman.
15. Plaintiff began working for Defendant in 2022 as an executive assistant- at that time she was 65 years old.
16. At the time, Plaintiff had a Master's Degree and 17 years of previous experience as an executive assistant.
17. For over a year, Plaintiff worked for Stacey Ann-Okoth with no issues. After Okoth's promotion, Plaintiff obtained two new supervisors, Michelle Conley and Brian Sweeney.
18. While working under them, Plaintiff received nothing but positive feedback and employee evaluations.
19. Over the course of a few months, Plaintiff's prior supervisors left and she was assigned to work under three new supervisors, Dr. Orlando Kirton ("Dr. Kirton"), Lisa Clauson ("Clauson") and Simone Odwin-Jenkins ("Odwin- Jenkins").
20. Dr. Kirton was the oldest of the supervisors being in his late fifties to early sixties. Clauson and Odwin-Jenkins were both in their late forties to early fifties.
21. Plaintiff also sent meeting minutes to Legal Counsel, Aimee James ("James") who gave Plaintiff feedback but was not Plaintiff's supervisor.
22. James was the youngest of everyone being in her forties.
23. In January of 2024, Plaintiff was placed on a Performance Improvement Plan ("PIP") as a result of Plaintiff making one error due to her supervisors unclear and conflicting directions; painting Plaintiff as a confused old woman.
24. Plaintiff completed the PIP successfully.
25. In the Fall of 2024, Plaintiff received three employee reviews;
    a. One from Odwin-Jenkins marking her "average", Odwin- Jenkins rarely needed Plaintiffs assistance.
    b. One from Dr. Kirton marking her "excellent". Dr. Kirton continually used Plaintiff's assistance and was always pleased with her work.
    c. One from James marking her "unsatisfactory", James is not one of Plaintiff's supervisors.
26. In that same time period, James and Clauson began to criticizing Plaintiff's work unnecessarily, micromanaging her and belittling her- again and continually painting Plaintiff as a confused old woman.

3

27. Clauson made demeaning and patronizing comments like "I fear for you" and "I'm worried about you" while accusing Plaintiff of forgetfulness and inaccuracies that did not occur.
28. Clauson exaggerated small things Plaintiff did- for instance when Plaintiff would ask a question about how to format something in Microsoft Word, she would become annoyed by her questions and spin it into "Connie doesn't know how to use Word."
29. Despite this, Clauson also criticized Plaintiff for not asking enough questions.
30. Plaintiff completed everything she was instructed to do and consulted her peers and supervisors in order to always stay improving in her work.
31. October 8, 2024 Plaintiff received a written warning claiming that they will "continue to have weekly meetings" and discuss a plan to get on the same page and review progress.
32. Only two weeks later, Plaintiff was given her final written warning by Clauson.
33. Clauson in that same meeting, emphasized Plaintiff needed "to stick up for herself" speaking to Plaintiff in a patronizing tone.
34. Clauson and Plaintiff later had a disagreement where Plaintiff chose to calmly stick up for herself after Clauson gave her conflicting instructions- trying to again pin Plaintiff as a confused.
35. Clauson accused Plaintiff of being aggressive, however Plaintiff did not get up from her desk, gesture or yell.
36. Plaintiff was put on unpaid administrative leave within the hour.
37. During her leave Defendant suggested Plaintiff apply for other available positions in the company that they insinuated Plaintiff would be better suited for as they were "simpler", and required only a high school education to do.
38. Plaintiff was grossly overqualified for these positions.
39. Plaintiff was terminated in November of 2024.

**COUNT I**
**AGE DISCRIMINATION IN EMPLOYMENT ACT**
**HOSTILE WORK ENVIRONMENT: AGE**

40. Plaintiff incorporates by reference each allegation contained in the preceding paragraphs

4

as if the same were set forth more fully at length herein.

41. By and through its course of conduct as alleged herein, Defendant discriminated against Plaintiff by allowing her to be subjected to a hostile work environment based on her age or its perception of Plaintiff as being above a certain age.

42. Defendant's actions violate the Age Discrimination in Employment Act.

43. Defendant's conduct was intentional, deliberate, willful, and conducted in callous disregard of the protected rights of Plaintiff.

WHEREFORE, Plaintiff seeks damages as set forth in the Prayer for Relief Section of this Complaint, *see infra*.

## COUNT II
### PENNSYLVANIA HUMAN RELATIONS ACT
### HOSTILE WORK ENVIRONMENT: AGE

44. Plaintiff incorporates by reference each allegation contained in the preceding paragraphs as if the same were set forth more fully at length herein.

45. By and through its course of conduct as alleged herein, Defendant discriminated against Plaintiff by allowing her to be subjected to a hostile work environment based on her age or perception of Plaintiff as being above a certain age.

46. Defendant's actions violate the Pennsylvania Human Relations Act.

47. Defendant's conduct was intentional, deliberate, willful, and conducted in callous disregard of the protected rights of Plaintiff.

WHEREFORE, Plaintiff seeks the damages set forth in the Prayer for Relief clause of this Complaint, *infra*.

## COUNT III
### AGE DISCRIMINATION IN EMPLOYMENT ACT
### AGE DISCRIMINATION

48. Plaintiff incorporates by reference each allegation contained in the preceding paragraphs as if the same were set forth more fully at length herein.

49. Plaintiff is a member of protected classes in that she is a person over the age of 40 and/or was perceived by Defendant to be a person over the age of 40.

50. Plaintiff was qualified to perform the job for which she was hired.

51. Plaintiff suffered adverse job actions, including, but not limited to, discipline and termination.

52. Circumstances exist related to the above cited adverse employment actions that give rise to an inference of discrimination.
53. Defendant discriminated against Plaintiff on the basis of age and/or perceived age.
54. No legitimate, non-discriminatory reasons exist for the above cited adverse employment actions that Plaintiff suffered.
55. The reasons referred by Defendant for the above cited adverse employment actions that Plaintiff suffered are pretext for discrimination.

WHEREFORE, Plaintiff seeks damages as set forth in the Prayer for Relief Section of this Complaint, *see infra.*

## COUNT IV
## PENNSYLVANIA HUMAN RELATIONS ACT
## AGE DISCRIMINATION

56. Plaintiff incorporates by reference each allegation contained in the preceding paragraphs as if the same were set forth more fully at length herein.
57. Plaintiff is a member of protected classes in that she is a person above 40 years old and/or was perceived by Defendant to be a person above 40 years old.
58. Plaintiff was qualified to perform the job for which she was hired.
59. Plaintiff suffered adverse job actions, including, but not limited to, loss of pay and discipline.
60. Circumstances exist related to the above cited adverse employment actions that give rise to an inference of discrimination.
61. Defendant discriminated against Plaintiff on the basis of age and/or perceived age.
62. No legitimate, non-discriminatory reasons exist for the above cited adverse employment actions that Plaintiff suffered.
63. The reasons cited by Defendant for the above cited adverse employment actions that Plaintiff suffered are pretext for discrimination.

WHEREFORE, Plaintiff seeks damages as set forth in the Prayer for Relief Section of this Complaint, *see infra.*

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, Constance Skudris, requests that the Court grant her the following relief against Defendant:

(a) Damages for past and future monetary losses as a result of Defendant's unlawful discrimination;

(b) Compensatory damages;

(c) Punitive damages;

(d) Liquidated damages;

(e) Emotional pain and suffering;

(f) Reasonable attorneys' fees;

(g) Recoverable costs;

(h) Pre and post judgment interest;

(i) An allowance to compensate for negative tax consequences;

(j) A permanent injunction enjoining Defendant, its directors, officers, employees, agents, successors, heirs and assigns, and all persons in active concert or participation with them, from engaging in, ratifying, or refusing to correct, employment practices which discriminate in violation of Title VII.

(k) Order Defendant to remove and expunge, or to cause to be removed and expunged, all negative, discriminatory, and/or defamatory memoranda and documentation from Plaintiff's record of employment, including, but not limited, the pre-textual reasons cited for her adverse actions, disciplines, and termination; and

(l) Awarding extraordinary, equitable and/or injunctive relief as permitted by law and/or equity.

ZEFF LAW FIRM, LLC

/s/*Gregg L. Zeff, Esq.*
Gregg L. Zeff, Esquire
Eva C. Zelson, Esquire
*Attorneys for Plaintiff*

Dated: October 13, 2025

7

Case# 2025-25193-0 Docketed at Montgomery County Prothonotary on 10/13/2025 4:24 PM, Fee = $303.50. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

## JURY TRIAL DEMAND

Demand is hereby made for a trial by jury as to all issues.

## CERTIFICATION

I hereby certify that to the best of my knowledge and belief the above matter in controversy is not the subject of any other action pending in any court or of a pending arbitration proceeding, nor at the present time any other action or arbitration proceeding contemplated.

ZEFF LAW FIRM, LLC

/s/*Gregg L. Zeff, Esq.*
Gregg L. Zeff, Esquire
Eva C. Zelson, Esquire
*Attorneys for Plaintiff*

Dated: October 13, 2025

## VERIFICATION

I, Constance Skudris, verify that the statements made by me in this Complaint are true and correct. I understand that false statements herein are made subject to penalties of 18 Pa. C.S. §4904, relating to unsworn falsification to authorities.

_____
Constance Skudris (Oct 11, 2025 10:07:07 EDT)

Constance Skudris

Dated:  10/11/2025

Case# 2025-25193-0 Docketed at Montgomery County Prothonotary on 10/13/2025 4:24 PM, Fee = $303.50. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

# Complaint Verification_Skudris

Final Audit Report                                                                                         2025-10-11

| | |
|---|---|
| Created: | 2025-10-10 |
| By: | Tanaysha Emory (temory@glzefflaw.com) |
| Status: | Signed |
| Transaction ID: | CBJCHBCAABAAv2nIoGFJ9Do2veGxqO8wOXWPJQRbUzx1 |

## "Complaint Verification_Skudris" History

- Document created by Tanaysha Emory (temory@glzefflaw.com)
  2025-10-10 - 3:27:11 PM GMT

- Document emailed to Constance Skudris (connieskudris@gmail.com) for signature
  2025-10-10 - 3:27:14 PM GMT

- Email viewed by Constance Skudris (connieskudris@gmail.com)
  2025-10-11 - 2:06:31 PM GMT

- Document e-signed by Constance Skudris (connieskudris@gmail.com)
  Signature Date: 2025-10-11 - 2:07:07 PM GMT - Time Source: server

- Agreement completed.
  2025-10-11 - 2:07:07 PM GMT

**Adobe Acrobat Sign**